**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

EDGAR G. BOOKER and
EMMA L. BOOKER

                                    **CIVIL ACTION**

**VERSUS**

                                    **NO. 20-634-JWD-RLB**

ENRIQUE DE JESUS YANEZ REYES,
DAYANA GONZALEZ D/B/A
L&L ELITE CARRIERS, and
TRISURA  SPECIALTY  INSURANCE
COMPANY

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss* (Doc. 12) filed by Defendant Enrique de Jesus Yanez Reyes ("Reyes"). Plaintiffs Edgar G. Booker and Emma L. Booker ("Plaintiffs" or "Bookers") oppose the motion. (Doc. 14.) Defendant has filed a reply. (Doc. 15.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' motion is granted in part and denied in part.  In short, while the Court finds that service against Defendant was improper, the Court will exercise its discretion and give Plaintiffs additional time to serve.

## I.       Background and Procedural History

Plaintiffs filed the *Petition for Damages* ("*Petition*") (Doc. 1-4; Doc. 2 at 1–7) seeking recovery from an automobile accident which occurred on June 27, 2019, in St. Tammany Parish. (*Pet.* ¶¶ 4–5, Doc. 1-4.)  At the time of the accident, Plaintiff Emma L. Booker was driving a 2009 Toyota Camry owned by Edgar G. Booker. (*Id.*)  Defendant Reyes was operating a 2007 Freightliner Tractor. (*Id.*)  Plaintiffs allege that Reyes "violently crashed into the rear of the 2009

Toyota Camry" resulting in "injuries, damages and losses" to Plaintiffs. (*Pet.*¶ 6.) At the time of the accident, Reyes was employed by Dayana Gonzalez d/b/a L&L Elite Carriers, who owned the 2007 Freightliner Tractor involved in the accident. (*Pet.* ¶¶ 5, 7.)

Plaintiff filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge on June 18, 2020, against Dayana Gonzalez d/b/a L&L Elite Carriers, Trisura Specialty Insurance Company, and Enrique de Jesus Yanez Reyes.[1] (*Pet.* ¶ 1, Doc. 1-4.) Defendants removed the matter to the Middle District of Louisiana based on diversity jurisdiction. (Doc. 1.)

Summons was submitted by Plaintiffs and issued on November 3, 2020, by the Court. (Doc. 7.) Summons was issued as to Reyes and entered the same day. (Doc. 8.) Summons was returned executed by Plaintiffs certifying that Reyes was served on July 7, 2020 and the answer was due July 28, 2020. (Doc. 9.) It included the U.S. Postal Service "green card" receipt. (*Id.*)

Reyes subsequently filed the instant motion for lack of personal jurisdiction and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) respectively. (Doc. 12.) Attached to the motion are the following: Reyes' commercial driver application for L&L Elite Carriers (Doc. 12-3); Reyes' Mexico driver's license (Doc. 12-4); Reyes' carrier registration information (Doc. 12-5); and an "Independent Contractor Contract Agreement" between L&L Elite Carriers and Dora Patricia Garza. (Doc. 12-6).

In response, Plaintiffs filed *Plaintiff's Opposition to Defendants' Motion to Dismiss* ("*Opposition*"). (Doc. 14.) Attached to the *Opposition* are the Uniform Motor Vehicle Traffic Crash Report (Doc. 14-1) and a copy of Reyes' signed U.S.P.S. green card which, according to Plaintiffs, demonstrates that service was attempted upon him at 3415 Flores, Apt. 1, Laredo, Texas 78040 on July 7, 2020 (Doc. 14-2).

---

[1] Only one defendant, Enrique de Jesus Yanez Reyes, filed the instant motion the Court now considers.

Reyes filed the *Reply Memorandum in Support of Motion to Dismiss* ("*Reply*"). (Doc. 15.) Attached to the *Reply* is the Affidavit of Dora P. Garza. (Doc. 15-1.)

## II.    Applicable Law

### A.  Rule 12(b)(2) Standard

A case may be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Proper service of process is an essential part of the procedure for establishing and proving personal jurisdiction. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1349; *see also Delta S.S. Lines, Inc. v. Albano*, 768 F.2d 728 (5th Cir. 1985). In the absence of valid service of process, proceedings against a party are void. *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Where a defendant contests valid service of process, Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a Rule 12(b)(2) motion is filed, "the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).

However, "[t]he court can make this determination without an evidentiary hearing based on the complaint, affidavits, and information obtained during discovery." *American Film & Printing, Ltd. v. Cowart Mulch Products, Inc.*, No. 15-0682, 2015 WL 5836599 at *4 (N.D. Tex. July 16, 2016)(citing *Colwell Realty Invs., Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, that party need only make a *prima facie* showing of personal jurisdiction. *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (citations omitted)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts

between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Id.* ("Proof by preponderance of the evidence is not required." (citing *Bullian v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citations omitted)).

### B.  Rule 12(b)(5) Standard

A party may also move to dismiss a case for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). The party making service has the burden of demonstrating its validity when an objection to service is made. *Id.* (citing *Carimi*, 959 F.2d at 1346). The district court has broad discretion in determining whether to dismiss an action for ineffective service of process. *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

### III.    Parties' Arguments

Reyes moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). First, Reyes asserts that he does not reside at 3415 Flores Apt. 1, Laredo, TX 78040, the address "Plaintiffs suggest[ ] service was attempted upon[.]" (Doc. 12-1 at 2–3.) Reyes explains that he "resides in Matamoros, Mexico" as shown by his Commercial Driver Application with L&L Elite Carriers (Doc. 12-3) and Reyes' Mexico Driver's License (Doc. 12-4) to support this contention. (Doc. 12-1 at 3.) Reyes states that this address "is associated with Dora P. Garza d/b/a P&P Carrier" because "Dora P. Garza leased the tractor operated by REYES at the time of the subject accident to [Reyes]." (*Id.*) Reyes points to the Carrier Registration Information (Doc. 12-5) and the Independent Contractor Contract Agreement (Doc. 12-6) for support. (Doc. 12-1 at 3.)

Second, Reyes argues, "Even if REYES had resided in 3415 Flores Apt. 1, Laredo, TX

78040, Plaintiffs' *Affidavit of Service* is defective" because "[i]t does not show what documents

were contained in the purported delivery made on July 7, 2020." (*Id.* at 3.) Reyes relies on

Louisiana Revised Statutes 13:3204 and 13:3205. (*Id.*) Specifically, he argues that La. R.S.

13:3205 required that Plaintiffs "[m]ail[ ] the process to the defendant, showing that it was

enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and

the date it was deposited in the United States mail, to which shall be attached the return receipt of

the defendant." (*Id.*)

Reyes notes that the " 'Proof of Service' filed by Plaintiffs includes statements that [he]

received the Summons on July 10, 2020"; "the Summons was served by U.S. Postal Service

certified mail delivery on July 7, 2020; and the "U.S. Postal Service 'green card' purports to show

a date of delivery of July 7, 2020." (*Id.* (citing Doc. 9).) However, Reyes explains that Summons

was not actually issued until November 3, 2020 "nearly four months after the U.S. Postal Service

delivery." (*Id.* at 3–4 (citing Doc. 7; Doc. 8; Doc. 9).) Because "[t]he November 2020 Summons

could not have been enclosed in an envelope, mailed, and delivered in July 2020 . . . Plaintiffs have

not complied with the requirement that the affidavit show the Summons was enclosed in an

envelope properly addressed to REYES." (*Id.* at 4.) Reyes also states that "Plaintiffs have not made

any showing concerning the contents of the mailing sent in July 2020." (*Id.*)

Reyes concludes by noting that "[p]roof of service of process is required by La. R.S.

§13:3201, *et seq.*" (*Id.*) "In the absence of such proof, the district court does not have personal

jurisdiction." (*Id.* (citing *Guidry v. Rhodes*, 238 So. 2d 248, 254 (La. Ct. App. 1970); *Clay v. Clay*,

389 So. 2d 31, 37 (La. 1979)).) Because Plaintiffs failed to properly serve him, "the trial court is

not permitted to exercise personal jurisdiction over REYES" and "Plaintiffs should be ordered to

request appropriate service of process on REYES and submit a valid affidavit of service, failing which Plaintiffs' claims against REYES should be dismissed with prejudice and at Plaintiffs' costs." (Doc. 12-1 at 4.)

In the *Opposition*, Plaintiffs assert that domiciliary service was perfected on July 7, 2020 on Reyes at his last known address on record. (Doc. 14 at 1.) Plaintiffs explain that 3415 Flores Apt. 1, Laredo, Texas, 78040 was the address on Reyes' Class A Texas Driver's license, which he provided the Louisiana State Police at the accident scene. (*Id.* (citing Doc. 14-1 at 1).) Plaintiffs argue that "[i]n reliance on [Defendants Class A Texas Driver's license] information and in compliance with Louisiana Revised Statute, 13:3204 a certified copy of the citation and original Petition [filed with the 19th J.D.C.] was forwarded by certified mail . . . to defendant." (*Id.*)

Counsel for Plaintiffs "received the returned green card indicating that the Postman from the United States Postal Service signed [Reyes'] name per Covid-19 rules . . . on July 7, 2020, as evidenced by the return receipt, which was addressed to [Reyes]." (Doc. 14 at 2 (citing Doc. 14-2).) Plaintiffs assert that Reyes "was served on July 7, 2020 while still pending in [state court] before the case was removed." (*Id.*) Plaintiffs argue, "It clearly isn't necessary to re-serve a defendant with a Summons when service has already been perfected in State Court. The purpose of filing the Summons was to document for this court that service was already perfected." (*Id.*)

Plaintiffs conclude by arguing in the alternative that "if this court determines that service was not perfected on" Reyes, then Plaintiffs should be granted "an extension of time to perfect appropriate service of process on" him. (*Id.*) Plaintiffs claim that "granting their request will not unnecessarily delay this matter, nor will it prejudice any party." (*Id.*)

In the *Reply*, Reyes "produces an affidavit from Ms. [Dora P.] Garza which provides further evidentiary support for the [*MTD*]." (Doc. 15 at 1 (citing Doc. 15-1).) In Ms. Garza's Affidavit,

Ms. Garza attested to the following: Ms. Garza resides "at 3415 Flores Apt. 1, Laredo, TX 78040";

"Reyes did not reside at 3415 Flores Apt. 1, Laredo, TX 78040 on June 27, 2019" or "July 7,

2020"; "[t]o the best of [her] knowledge[,] . . . Reyes has never resided at 3415 Flores Apt. 1,

Laredo, TX 78040"; [t]o the best of her knowledge[,] . . . Reyes resides in Matmoros, Mexico";

and "[o]n July 7, 2020, no individual residing at 3415 Flores Apt. 1, Laredo, TX 78040 had

authority to accept service of process on behalf of . . . Reyes." (Doc. 15 at 1–2; Doc. 15-1 at 1–2.)

Reyes asserts that "Plaintiffs' Opposition also fails because Plaintiffs did not supplement

their deficient *Affidavit of Service* . . . pursuant to La. R.S. 13:3205(1)." (Doc. 15 at 2.) Reyes

reiterates that "[t]he 'Proof of Service' filed by Plaintiffs includes statements that [he] received the

Summons on July 10, 2020 and that the Summons was served by U.S. Postal Service certified mail

delivery on July 7, 2020." (*Id.* (citing Doc. 9).) Reyes states that "Plaintiffs concede in their

Opposition that the Summons was not in fact served on July 2020" and "Plaintiffs contend in their

Opposition that a State Court Citation and Orignal [sic] Petition were served on July 2020 by

certified mail." (*Id.*) "Plaintiffs failed, however, to produce copies of the State Court Citation and

Orignal [sic] Petition which were purportedly served and the 'Proof of Service' filed by Plaintiffs

does not reference the State Court Citation and Orignal [sic] Petition or attach copies of those

documents." (*Id.* (citing Doc. 9).) For these reasons, Reyes requests the Court to require Plaintiffs

to appropriately serve him and "submit a valid affidavit of service, failing which Plaintiffs' claims

against [him] should be dismissed with prejudice and at Plaintiffs' costs". (*Id.* at 2–3.)

IV.   **Discussion**

A.  **Plaintiffs failed to properly serve Reyes.**

Because this matter is before the Court based on diversity jurisdiction, the Court is bound

to apply the substantive law of Louisiana. *Erie. R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817

(1938). Plaintiffs purportedly served Reyes pursuant to the Louisiana Long Arm Statute, La. R.S.

13:3201, prior to the time Defendants removed this matter to this Court. Thus, "[t]his Court must

apply Louisiana law to determine the validity of service made in state court prior to removal."

*Hutchinson v. Dollar General Corp.*, 07-574, 2008 WL 1803778 at *2 (M.D. La. Apr. 18, 2008)

(citing *Freight Terminals Inc. v. Ryder Systems, Inc.,* 461 F.2d 1046, 1052 (5th Cir. 1972).

The Louisiana Code of Civil Procedure requires that a plaintiff request service within

ninety days of commencement of the action. La. Code Civ. P. 1201(C).   Additionally, under

Louisiana Revised Statutes 13:3201, Defendant is subject to proper service pursuant to Louisiana

Revised Statutes 13:3204 and 13:3205.

Louisiana Revised Statute 13:3204(A) permits service of nonresident defendants by

sending a certified copy of the citation and complaint by certified mail to the defendant.

Specifically, this statute provides:

> In a suit under R.S. 13:3201, a certified copy of the citation . . . and of the petition
> . . . shall be sent . . . to the defendant by registered or certified mail, or actually
> delivered to the defendant by commercial courier, when the person to be served is
> located outside of this state or by an individual designated by the court in which the
> suit is filed, or by one authorized by the law of the place where the service is made
> to serve the process of any of its courts of general, limited or small claims
> jurisdiction.

La. R.S. 13:3204(A). "[A]ll that is necessary to constitute service upon a non-resident under the

long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the

petition in the suit to the defendant by registered or certified mail, or actually deliver it in person."

*McFarland v. Dippel*, 99-0584, p.5 (La. App. 1 Cir. 3/31/00); 756 So.2d 618, 622. Service by any

of the three methods described in La. R.S. 13:3204(A) has the same legal force and validity as

personal service on the defendant. La. R.S. 13:3204(e). However, if the citation and petition are

mailed, "the notice *must* be received by [the] defendant or by a person authorized to receive mail

on his behalf." *Administrators of Tulane Educ. Fund v. Ortego*, 475 So. 2d 764, 764 (La. 1985) (per curiam) (emphasis added).

Here, Plaintiffs have satisfied their burden and made a *prima facie* showing that service was properly made. The accident involving the parties was investigated by the Louisiana Department of Public Safety. (Doc. 14-1.) During this investigation, Reyes produced his Texas driver's license, which listed his home address as 3415 Flores, Apt 1, Laredo, Texas. (*Id*. at 2; Doc. 14 at 1.) Plaintiff attempted service at this address on June 29, 2020, by certified mail and a signature was obtained by the "agent" of Enrique de Jesus Yanez Reyes. (Doc. 14-2 at 1.) Thus, Plaintiffs have established their prima facie case, shifting the burden to Reyes to establish that service was not proper.

To meet his burden, Defendant produced an affidavit from Dora P. Garza. "To be sufficient to put the contested facts in issue, affidavits submitted in support of or in opposition to motions to dismiss for lack of jurisdiction must comply with the requirements of Fed. R. Civ. P. 56; i.e., they must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein." *Young v. Mitsubishi Motors Corp*., 19-175, 2019 WL 6327581 at *3, slip op. (W.D. Tex. Nov. 25, 2019) (quoting *Source Network Sales & Marketing, LLC v. Ningbo Desa Elec. Mfg. Co*., *Ltd*., No. 14-1108, 2015 WL 2341063 at *9 (N.D. Tex. May 15, 2015) (citing *Thompson v. Chambers*, 804 F.Supp. 188, 191 (D. Kan. 1992)). "Neither legal conclusions nor statements made without personal knowledge are capable of being so presented." *Id*. (quoting *D'Onofrio v. Vacation Publications, Inc*., 888 F.3d 197, 208 (5th Cir. 2018) (internal citations omitted)). Personal knowledge is achieved when a person's position and/or access to information shows that the facts stated are from one's own knowledge. *Diamond Offshore Co. v. A&B Builders, Inc*., 302 F.3d 531,

544 n. 13 (5th Cir. 2002), overruled on other grounds by *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009).

Garza stated that she "reside[s] at 3415 Flores Apt. 1, Laredo, TX 78040." (Doc. 15-1 at 1.) The affidavit is dated December 31, 2020. (*Id.* at 2.)  Garza states that Reyes "did not reside at 3415 Flores Apt. 1 Laredo, TX 78040 on June 27, 2019" or "July 7, 2020." (*Id.* at 1.)  She says that, "To the best of my knowledge . . . Reyes has never resided at 3415 Flores Apt. 1, Laredo, TX 78040." (*Id.* at 2.)  Lastly, Garza avers that, "On July 7, 2020 no individual residing at [the address in question] had authority to accept service of process on behalf of . . . Reyes." (*Id.*)  Based on Garza's position as a resident there, it is reasonable to infer that (1) she would have personal knowledge as to whether Reyes lived there while she was a resident, and (2) that Reyes did not live at that address when service was attempted.

In sum, Louisiana Revised Statute 13:3204(A) permits service of nonresident defendants by sending a certified copy of the citation and complaint by certified mail to the defendant, and here, Plaintiffs failed to comply with that statute.  Because the certified copy of the citation and petition were sent to 3415 Flores Apt. 1, Laredo, TX 78040, and because Reyes did not live there at the time of the accident or at the time of the service, service was improper.[2]

---

[2] The Court notes in closing that Reyes' argument that Plaintiffs' claim should be dismissed for failure to comply with La. R.S. 13:3205 is without merit. "In order for service to be perfected, plaintiff need only comply with [La. R.S.] 13:3204." *Kroger Co. v. Door Control Services, Inc.*, No. 12-956, 2012 WL 4891560 at *5 (W.D. La. Oct. 15, 2012) (citing *Dupree v. Torin Jacks, Inc.*, No. 08-1648, 2009 WL 366332, at *2 (W.D. La. Feb. 12, 2009)). La. R.S. 13:3205 "is triggered if and when plaintiff attempts to obtain a default judgment, have a hearing on a contradictory motion, rule to show cause, or other summary proceeding." *Id.* Because Plaintiff has made no attempt to conduct any of the aforementioned proceedings, La. R.S. 13:3205 is not implicated.

**B.  The Court will grant Plaintiffs additional time to serve Reyes.**

Under the Federal Rules of Civil Procedure, a court "must dismiss [an] action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, this rule does not apply to service of a defendant in a foreign country. *Id.*

The federal courts have a strong preference for deciding cases on the merits. *People's Workshop, Inc. v. Federal Emergency Management Agency*, No. 17-107, 2018 WL 1532196, at *8 (M.D. La. Mar. 28, 2018) (citing *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991)).  Thus, the Fifth Circuit has adopted a test for the foreign country exception to determine when delay of service on a foreign defendant should be excused. Dismissal without-prejudice is warranted when service is improper and plaintiff has not demonstrated reasonable diligence in attempting service. *Lozano v. Bosdet*, 693 F. 3d 485, 489 (5th Cir. 2012) (citing *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)).

The Fifth Circuit adopted the "flexible due diligence" standard. *Lozano*, 693 F. 3d at 488-489 (citing 1 Steven S. Gensler, *Federal Rules of Civil Procedure: Rules and Commentary* 60 (2012 ed.); *Nylok Corp.*, 396 F.3d at 807; *Feliz v. MacNeill*, 493 Fed. Appx. 128, ----, Nos. 10-1549, 11-1308, 2012 WL 3590807, at *3 (1st Cir. Aug. 22, 2012)). Put simply:

> Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within [90][3] days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id.* Moreover, even if good cause is lacking, the court has discretionary power to extend time for service. *Id.* Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993).

---

[3] Rule 4(m) has since been amended to allow 90 days for service instead of 120 days. Fed. R. Civ. P. 4(m) advisory committee's note (2015 Amendments) ("Subdivision (m). The presumptive time for serving a defendant is reduced from 120 days to 90 days.")

*Newby v. Enron Corp.*, 284 F.App'x 146, 149 (5th Cir. 2008). The Fifth Circuit has interpreted the

"flexible due diligence" standard to use "good faith and reasonable dispatch [as] the proper

yardsticks." *Lozano*, 693 F. 3d at 489.

Here, Plaintiffs attempted service on Reyes using the address on the police report provided

by the Texas drivers license Reyes presented at the accident. (Doc. 14 at 1.) The Court finds that

it was very reasonable for Plaintiffs to believe that Reyes resided at this address.  Thus, even

though service on Reyes was improper, Plaintiffs have shown reasonable diligence, and the delay

does not prejudice Reyes. Consequently, this Court will allow 60 days for Plaintiffs to perform

proper service on Reyes.[4]

## V.    Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss* (Doc. 12) filed by Defendant Enrique de

Jesus Yanez Reyes is **GRANTED IN PART** and **DENIED IN PART.**  Because service was

improper, Plaintiffs shall have sixty (60) days from the date of this ruling to perform proper service

on Reyes.

Signed in Baton Rouge, Louisiana, on July 26, 2021.

 

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] The Court expresses no opinion at this time as to whether the Louisiana nonresident motorist statute, La. R.S. 14:3474, can be used to effectuate service in this case, as neither party raised this issue.

12